FILED
SUPERIOR COURT
OF GUAM

2021 DEC 10 PM 4: 24

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0157-21 |
| vs. | **DECISION AND ORDER** |
| JEROME CAMACHO CRUZ aka Jerome Anthony Camacho Cruz aka Anthony, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 11, 2021, for hearing on Defendant JEROME CAMACHO CRUZ aka Jerome Anthony Camacho Cruz aka Anthony's ("Defendant") Motion to Dismiss and Consolidate Multiplicitous Charges for Violation of Defendant's Right Not to Be Placed in Double Jeopardy ("Motion to Dismiss"). Present were Defendant with counsel, Jeffrey A. Moots, and Assistant Attorney General Sean E. Brown on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On April 1, 2021, Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (3) Possession of a Firearm Without a Firearms Identification Card (As a Third Degree Felony) – 2 Counts; (4)

*People v. Cruz*
CF0157-21
Decision and Order

Possession of an Unregistered Firearm (As a Third Degree Felony) – 2 Count; (5) Violation of a Court Order (As a Misdemeanor); and (6) Violation of a Court Order (As a Misdemeanor) – 4 Counts.[1] (Indictment, Apr. 1, 2021). Each of the felony charges and counts also has an attached Notice: Commission of a Felony While on Felony Release. *Id.* These charges stem from the discovery of drug paraphernalia, suspected methamphetamine and firearms by Superior Court of Guam Marshals during the course of serving Defendant with a protective order on or about March 22, 2021. (Decl. of Courtney Leigh Scalice, Magistrate's Compl., Mar. 24, 2021). A federal search warrant was subsequently issued by District Court of Guam Magistrate Judge Michael J. Bordallo. *Id.* ATF and GPD Officers who executed the warrant at Defendant's residence recovered additional drug paraphernalia, suspected methamphetamine totaling 22.95 gross grams, several round pills, several white and yellow pills that appeared to be Xanax, a large amount of currency, and firearms. *Id.*

On May 25, 2021, Defendant filed the instant Motion.[2] On June 8, 2021, the Government filed its Opposition. On August 11, 2021, the Court heard arguments on the Motion and gave the parties leave to file supplemental briefing by September 3, 2021. On August 18, 2021, the Government filed its Proposed Findings of Fact and Conclusions of Law. On August 25, 2021, Defendant filed a Supplemental Briefing for his Motion to Dismiss. The Court subsequently placed the matter under advisement.[3]

## DISCUSSION

Defendant moves the Court to dismiss the Second Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) in favor of the First Charge of Possession of a

---

[1] The Indictment also charges co-defendant Kailene Isabel Pangelinan Mendiola with (1) Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and (2) Possession of a Schedule IV Controlled Substance (As a Third Degree Felony) – 2 Counts.

[2] The Motion was filed by Defendant's prior counsel, Alternate Public Defender. Attorney Moots was appointed as Defendant's counsel on June 24, 2021.

[3] After this Motion was placed under advisement, Defendant also filed a Motion to Suppress and a Motion to Dismiss Charge Four, Counts 1 and 2 on October 5, 2021. The Court gave the parties leave to file proposed findings of fact and conclusions of law after a Motion Hearing on November 5, 2021. Those motions are still pending before the Court and will be addressed subsequently.

*People v. Cruz*
CF0157-21
Decision and Order

Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) because the Second Charge is a lesser included offense of the First Charge; to consolidate Counts One and Two of the Third Charge because they are part of a continuing course of conduct; to consolidate the Fifth Charge and Counts Three and Four of the Sixth Charge because they are part of a continuing course of conduct; and to consolidate Counts One and Two of the Sixth Charge because they occurred as part of a continuing course of conduct. *See generally,* Mot. Dismiss, May 25, 2021. The Government opposes, arguing that Defendant's Motion is precluded by 9 GCA § 1.22 and that the unit of prosecution of Possession of an Unregistered Firearm is each firearm. *See generally,* Opp'n, Jun. 8, 2021.

## A. First Charge and Second Charge

Defendant first moves the Court to dismiss the Second Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) in favor of the First Charge of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) because the Second Charge is a lesser included offense of the First Charge. Defendant argues that the indictment is multiplicitous because it charges a single offense in two counts, which violates the Double Jeopardy Clause of the United States Constitution. (Mot. Dismiss at 5-7). Defendant further argues that a multiplicitous indictment is improper and prejudicial because it inflates the maximum possible sentence and may suggest to a jury that a defendant has committed several crimes, not just one. *Id.* at 5.

There is no dispute that The Second Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) is a lesser included offense of the First Charge of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony),[4] however the Government argues dismissing the lesser included offense at this stage of

---

[4] The First and Second Charge of the Indictment read as follows:

**FIRST CHARGE**

On or about the 22nd day of March 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Possession of a Schedule II Controlled Substance with Intent to Deliver (As a 1st Degree Felony),* in that he knowingly or

proceedings is premature and specifically precluded by 9 G.C.A. § 1.22. (Opp'n at 3-4, Jun. 8, 2021; People's Proposed FFCL at 2, Aug. 18, 2021).

As an initial matter, the Court notes that Defendant is not moving the Court to dismiss the Second Charge pursuant to 9 G.C.A. § 1.22, but rather pursuant to the Double Jeopardy Clause of the United States Constitution. Further, while 9 G.C.A. § 1.22 sets forth that a defendant may be prosecuted for the same conduct establishing the commission of more than one offense and that a defendant may not be convicted of more than one offense under certain enumerated circumstances, 8 G.C.A. § 65.15 "requires a defendant to raise an objection to an indictment prior to trial, except where the objection is that it fails to show jurisdiction or to charge an offense." *People v. Martin,* 2018 Guam 7 ¶ 11 (citing 8 GCA § 65.15(b) and Fed. R. Crim. P. 12(b)(3)(B)(ii)).[5] Accordingly, the Court will not deny Defendant's motion to dismiss the Second Charge solely based on 9 G.C.A. § 1.22.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. "It is well established that the Double Jeopardy Clause protects against successive prosecutions as well as successive criminal punishments for the same crime." *People v. San Nicolas,* 2001 Guam 4 ¶ 8 (citation omitted). "Two distinct tests have emerged in determining whether the legislature intended to allow for cumulative

---

intentionally possessed with intent to deliver a Schedule II controlled substance, that is, *an amphetamine-based substance,* in violation of 9 GCA § 67.401.1(a) and (b).

**SECOND CHARGE**

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony)*, in that he did knowingly or intentionally possess a Schedule II controlled substance, that is, *an amphetamine-based substance,* in violation of 9 GCA § 67.401.2(a) and (b).

(Indictment, Apr. 1, 2021). Both charges also include a Notice: Commission of a Felony While on Felony Release.

[5] In *Martin,* the Supreme Court ultimately found that the indictment as charged was not multiplicitous and affirmed the sentence imposed by the trial court, but also determined that the defendant waived objection to the indictment by failing to comply with the timeliness requirements of 8 GCA §§ 65.15 and 65.45. 2018 Guam 7 ¶ 11.

---

punishments of statutory violations: (1) the *Blockburger* test and (2) the "unit of prosecution" test." *Id.* ¶ 10. The Court utilizes the *Blockburger* test to determine whether multiple punishments are allowed when the defendant violates two statutes, and the "unit of prosecution test" to determine whether multiple punishments are allowed when the defendant commits two violations of the same statute. *Id.* As to the First and Second Charges of the Indictment, Defendant is charged with violating two statutes. Under *Blockburger*, "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at ¶ 11.

Although the Second Charge is a lesser included offense of the First Charge, the Court will not dismiss it at this stage. Under Guam law, even if the Second Charge was not charged in the Indictment, it would still be sent to the jury for deliberation. *See People v. Cummins*, 2010 Guam 19 ¶ 9 (citing *Angoco*, 2001 Guam 17 ¶ 21 ("Under existing Guam law, 'trial courts must issue lesser-included offense instructions if there is a rational basis for such as shown by substantial evidence, without regard to whether such instructions were requested or object to by the parties.")). Here, the lesser offense is independently charged. Should Defendant be found guilty by a jury of both charges, he may not be sentenced on both and "the conviction of the greater is controlling." *Cummins*, 2010 Guam 19 ¶ 13 (citing *People v. Campbell*, 2006 Guam 14 ¶ 6 n. 2). *See also* 9 G.C.A. § 1.22(a) (A defendant may not be *convicted* of more than one offense if one offense is included in the other as defined in § 105.58 of the Criminal Procedure Code"). Therefore, the Court finds that at this stage in the criminal proceedings it is premature to dismiss the lesser included charge against Defendant, and DENIES Defendant's Motion as to the Second Charge.

## B. Third Charge - Counts One and Two

Defendant next moves the Court to consolidate Count One and Count Two of the Third Charge of Possession of a Firearm Without a Firearms Identification Card (As a Third Degree Felony) because they both arise out of Defendant's alleged failure to obtain an identification card on the same date and time and at the same location as part of a continuing course of

conduct. (Mot. Dismiss at 10). The Government opposes, arguing that the unit of prosecution for possession of an unregistered firearm is each firearm. (Opp'n at 4-5).

The Third Charge of the Indictment reads as follows:

## THIRD CHARGE[6]

### Count One

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Possession of a Firearm Without a Firearms Identification Card (As a 3rd Degree Felony)*, in that he knowingly possessed a firearm, specifically, *a rifle*, at a time when he had not obtained an identification card, in violation of 10 GCA § 60121(e).

### Count Two

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Possession of a Firearm Without a Firearms Identification Card (As a 3rd Degree Felony)*, in that he knowingly possessed a firearm, specifically, *a pistol*, at a time when he had not obtained an identification card, in violation of 10 GCA § 60121(e).

(Indictment, Apr. 1, 2021). Here, both counts allege that Defendant violated the same statute, 10 G.C.A. § 60121(e). The Court therefore employs the "unit of prosecution" test to determine whether the Guam Legislature intended to allow for cumulative punishments under the same statute. *See People v. San Nicolas*, 2001 Guam 4 ¶ 10. Thus, the issue before the Court is whether the Guam Legislature intended to punish a violation of 10 GCA § 60121(e) as a single act regardless of the number of firearms the individual possessed at a moment in time.

Under Guam law, "[n]o person shall own, possess, use, carry or acquire any firearm which is lawful . . . unless he shall have first obtained from the Department an identification card evidencing his right to such ownership, possession, use or carrying, concealed or otherwise, as stated upon the face of the card.... Said card shall be in the possession of the holder and on his person whenever he is using or has in his possession a firearm." 10 GCA §

---

[6] Both counts of the Third Charge also include a Notice: Commission of a Felony While on Felony Release.

*People v. Cruz*
CF0157-21
Decision and Order

60106. Pursuant to section 60121(e), "[a]ny person purchasing, possessing, carrying or using a firearm without an applicable identification card shall be guilty of a felony which shall be punishable for a term of imprisonment of not less than three (3) years and a fine of not less than One Thousand Dollars ($1,000)." 10 GCA § 60121(e).

The Supreme Court of Guam has held that in statutes that used the word "any," "the proper unit of prosecution was not clear and the Court applied the rule of lenity." *People v. Afaisen*, 2016 Guam 31 ¶ 16 (internal citation omitted). It also held that "a statute using the singular words 'a' or 'another' reveal the intent that each victim be the appropriate unit of prosecution." *Id.* at ¶ 17 (citation omitted). Defendant moves the Court to focus on the use of "any firearm" in section 60106. *See* Supp. Briefing at 3, Aug. 25, 2021 ("the fact that 10 G.C.A. § 60106 uses the language of "any firearm" indicates the Guam Legislature intended to punish a violation of [10] G.C.A. § 60106 as a single act regardless of the number of firearms the individual possessed at a moment in time."). The Court declines to do so, and focuses instead on the language in 10 GCA § 60121(e), which is what is set forth in the Indictment. Section 60121(e) uses the language of "a firearm." The Court therefore finds that because the statute uses the singular word of "a," each firearm is the appropriate unit of prosecution. Accordingly, the Court DENIES Defendant's Motion as to consolidating Counts Two and Three of the Third Charge.

**C. Fifth Charge and Sixth Charge – Counts Three and Four**

Defendant next moves the Court to consolidate the Fifth Charge and the Sixth Charge – Counts Three and Four because they arose out of the same conduct -- his alleged disobedience to a court order in CF0580-20 on March 22, 2021. (Mot. Dismiss at 10). The Government argues that "[e]ach possession of a different firearm is an independent act and an independent violation of the Court's orders." (People's Proposed FFCL at 3, Aug. 18, 2021). The Fifth and Sixth Charge – Counts Three and Four allege violations of 9 G.C.A. §§ 30.40(a)(3) and (a)(4).[7]

---

[7] The Fifth and Sixth Charge of the Indictment read as follows:

Thus, as the charges allege violations of the same statute, the Court employs the "unit of prosecution" test to determine whether the Guam Legislature intended to allow for cumulative punishments under the same statute. *See People v. San Nicolas*, 2001 Guam 4 ¶ 10.

Title 9 GCA section 30.40 provides in relevant part that:

(a) Any knowing violation of any of the following court orders shall be a misdemeanor punishable by imprisonment of no less than forty-eight (48) hours and not more than one (1) year, and by a fine of not more than One Thousand Dollars ($1,000):

> (1) an order enjoining a person from threatening to commit or committing acts of family violence against, or from harassing, annoying, or molesting, a family or household member, or any person named in the order;

### FIFTH CHARGE

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Violation of a Court Order (As a Misdemeanor)*, in that he knowingly violated a court order filed on November 12, 2020, in the Superior Court of Guam Criminal Case No. CF0580-20, requiring the defendant to stay away from the residence, dwelling, school, day care center, place of employment, or any other specified place or from *Kailene Isabel Pangelinan Mendiola*, within five hundred feet (500') of the specified place or from *Kailene Isabel Pangelinan Mendiola,* in violation of 9 GCA § 30.40(a)(3).

### SIXTH CHARGE

**Count Three**

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Violation of a Court Order (As a Misdemeanor)*, in that he knowingly violated a court order filed on November 12, 2020, in the Superior Court of Guam Criminal Case No. **CF0580-20**, prohibiting the Defendant from possessing a firearm, *to wit: a rifle,* or other weapon specified by the court, in violation of 9 GCA § 30.40(a)(4).

**Count Four**

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Violation of a Court Order (As a Misdemeanor)*, in that he knowingly violated a court order filed on November 12, 2020, in the Superior Court of Guam Criminal Case No. **CF0580-20**, prohibiting the Defendant from possessing a firearm, *to wit: a pistol,* or other weapon specified by the court, in violation of 9 GCA § 30.40(a)(4).

(Indictment, Apr. 1, 2021).

(2) an order removing or excluding a person from the family dwelling or from the dwelling of another, or from any habitable property, as defined in Subsection (b) of § 34.10, Chapter 34 of this Title;

(3) an order requiring a person to stay away from the residence, dwelling, school, day care center, place of employment, or any other specified place or from a specified person, within five hundred feet (500') of the specified place or specified person;

(4) an order prohibiting a person from possessing a firearm or other weapon specified by the court; or

(5) an order in a criminal case prohibiting the defendant from harassing, annoying, telephoning, contacting, or otherwise communicating with a victim or specified witness, either directly or indirectly.

9 GCA § 30.40(a).

Here, the three violations of a court order in CF0580-20 are all alleged to have occurred on March 22, 2021. Defendant argues that "[s]ince the statute in question uses the language of any violation the analysis requires the court to find that even if there are multiple violations of a court order committed at a single time they may only be charged as a single count." (Deft. Supp. Briefing, Aug. 25, 2021). The Court is inclined to agree. The Court finds that because of the use of "any violation," and the facts that form the basis of the charges alleged in this matter, the multiple alleged violations of CF0580-20 on March 22, 2021 occurring at the same time should be consolidated into one charge. *See Afaisen*, 2016 Guam 31 ¶ 16 (applying the rule of lenity in statutes that use the word "any").

### D. Sixth Charge – Counts One and Two

Lastly, Defendant moves the Court to consolidate Counts One and Two of the Sixth Charge of Violation of a Court Order (As a Misdemeanor) because they arose out of the same conduct – his alleged disobedience to a court order in CM0581-19 on March 22, 2021. The Sixth Charge, Counts One and Two, allege violations of 9 G.C.A. § 30.40(a)(4).[8]

---

[8] These charges read in the Indictment as follows:

For the same reasons noted above, the Court GRANTS Defendant's motion to consolidate these two counts.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. The Court GRANTS Defendant's Motion as to consolidating Charge Five and Charge Six – Counts Three and Four; and as to consolidating Charge Six – Counts One and Two. The Court DENIES Defendant's Motion as to consolidating Charge Three – Counts One and Two and dismissing the Second Charge in favor of the First Charge.

**IT IS SO ORDERED** this 10th day of December, 2021.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, Maof

Date: 12/16/21   Time: 4:35

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

## SIXTH CHARGE

### Count One

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Violation of a Court Order (As a Misdemeanor)*, in that he knowingly violated a court order filed on December 30, 2019, in the Superior Court of Guam Criminal Case No. **CM0581-19**, prohibiting the Defendant from possessing a firearm, *to wit: a rifle,* or other weapon specified by the court, in violation of 9 GCA § 30.40(a)(4).

### Count Two

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka Jerome Anthony Camacho Cruz aka Anthony) did commit the offense of *Violation of a Court Order (As a Misdemeanor)*, in that he knowingly violated a court order filed on December 30, 2019, in the Superior Court of Guam Criminal Case No. **CM0581-19**, prohibiting the Defendant from possessing a firearm, *to wit: a pistol,* or other weapon specified by the court, in violation of 9 GCA § 30.40(a)(4).

(Indictment, Apr. 1, 2021).